# APPENDIX

## Notes of Cases Not Otherwise Reported

FLORA SHERMAN v. W. C. DAVENPORT, Sheriff, Appellant.

CONVEYANCE WITHOUT CONSIDERATION: *Good between parties.*

*Appeal from Woodbury District Court.*— HON. SCOTT M. LADD Judge.

WEDNESDAY, MAY 11, 1898.

ACTION at law for the conversion of seven head of cows. Defendant denied the conversion, and further pleaded that he sold the same under execution as the property of one William Sherman, and that William Sherman was the owner thereof prior to the sale. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*T. F. Bevington* and *M. B. Davis* for appellant.

*J. A. Prichard* for appellee.

DEEMER, C. J.—Appellant contends that the court erroneously submitted to the jury the question of fraud in the sale of the animals by William Sherman to his wife, Flora. He claims that there was no such issue, and that, if there was, the court erred in some of the instructions relating thereto. We agree that no such issue was in the case, and may concede that some of the instructions relating to fraud in the sale of personal property were erroneous. Yet it is difficult to see how appellant was prejudiced thereby. The error, if any, was favorable to appellant, and the fault in the instructions was without prejudice.

II. The defendant, as sheriff of Woodbury county, levied upon the property on the tenth day of December, 1895. Prior to that time, and on or about March 8, 1894, William Sherman, the defendant in execution, executed a bill of sale conveying the cows in dispute to his wife, the appellee herein. This bill of sale was duly acknowledged and filed for record before the levy of the execution. Appellee says that the consideration for the transfer was a loan made to her husband before her marriage   The court instructed that "if the bill of sale was delivered to plaintiff for some other purpose than in payment of money

(741)

borrowed from her by William Sherman, and that said borrowed money, if any, was not the consideration for the delivery of said bill of sale, then said bill of sale is void, and you should find for the defendant." The court further instructed that the burden was upon plaintiff to establish the execution of the bill of sale, which she had done, and upon defendant to show that the bill of sale was void, either because not based upon·the consideration claimed, or because made with intent to hinder, delay, or defraud creditors. These instructions were, if anything, more favorable to defendant than the pleadings and evidence would warrant. The bill of sale vested the legal title in appellee, and, although not based upon any consideration, was good as between the parties thereto, and all others except creditors who may have been defrauded thereby. There was, as we have seen, no issue of fraud in the case. The verdict has support in the evidence, and the judgment is AFFIRMED.

LADD, J., took no part.